IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**COREY K. JOHNSON,**

    **Petitioner,**

v.                                                       Case No. 1:17-cv-315-AW-HTC

**SECRETARY, FLORIDA DEP'T OF CORRECTIONS,**

    **Respondent.**

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Petitioner Cory K. Johnson filed a § 2254 petition challenging his conviction in *State v. Johnson*, 2014-CF-1062-A, in the Eighth Judicial Circuit, in and for Alachua County, Florida. I have carefully considered the magistrate judge's June 22, 2020 Report and Recommendation, which recommends denial. ECF No. 54. Johnson was granted an extension of time to file objections, ECF No. 56, but he has filed none.

I agree with the magistrate judge that Johnson has not shown entitlement to relief on any of his three asserted grounds. First, as to the claim regarding the lack of a *Faretta* hearing, I agree that Johnson has not shown that the state court had no a reasonable basis for denying relief. It would have been reasonable to conclude that Johnson did not make an unequivocal request for self-representation. The trial-court transcript does attribute to Johnson a statement that "I wish now to represent

1

myself." ECF No. 27-3 at 59. The state argues this was a transcription error, and that seems at least plausible considering the context of the statement in the overall exchange. But even assuming that Johnson said what the transcript attributes to him, it would not have been unreasonable for the state court to conclude based on all the circumstances—including the motion at issue and everything that was said before and after that statement—that Johnson did not unequivocally request to represent himself.

Next, I agree with the magistrate judge that the Fourth Amendment claim cannot succeed. *See Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000) (explaining that "federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims" (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

I also agree with the magistrate judge that Johnson is not entitled to relief on his third claim, which alleges ineffective assistance of counsel.

The last issue is whether a certificate of appealability should issue. I conclude that Johnson has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), so a COA will be denied.

It is now ORDERED:

1. The Report and Recommendation (ECF No. 54) is adopted and incorporated into this order.

2. The clerk will enter a judgment that says, "The § 2254 petition is DENIED without an evidentiary hearing."

3. A certificate of appealability is DENIED.

4. The clerk will close the file.

SO ORDERED on November 23, 2020.

s/ *Allen Winsor*  
United States District Judge